PALMER BROWN *vs.* JOSEPH HARRIS.

Passage money, paid in advance, may be recovered back, on the breaking up of the voyage by a peril of the sea, and the failure of the owner of the ship to send the passenger to his destination.

ASSUMPSIT on the money counts to recover back the sum of fifty dollars paid by the plaintiff to the defendant. The case was argued at a former term, upon an agreed statement of facts, the substance of which is stated in the opinion.

*O. Prescott*, for the plaintiff.

*N. Morton*, for the defendant.

THOMAS, J. The agreed statement of facts shows a contract by the defendant to transport the plaintiff as a passenger in the defendant's ship, from San Francisco to Panama, for the sum of fifty dollars, paid in advance. It shows also a failure to perform that contract, and that such failure was owing solely to the wrecking of the ship by a storm, and the consequent breaking up of the voyage. The plaintiff was put on shore at Mazatlan, less than half the distance to the port of destination, and there left, no provision having been made by the defendant to send him to Panama by any other ship, nor any offer to do so. The question is, can the plaintiff recover the whole or any part of the passage money so paid; and we are of opinion that he can recover the whole.

The rule is well settled as to freight for the carriage of goods. If freight be paid in advance, and the goods not carried by reason of any event, not imputable to the shipper, it is to be repaid,

unless there be a special agreement to the contrary; and such agreement cannot be inferred from the mere fact of payment in advance. The contract is entire, and unless the voyage be fully performed by a delivery at the port of destination, nothing has been earned. *Griggs* v. *Austin,* 3 Pick. 20. *Watson* v. *Duykinck,* 3 Johns. 335. *Caze* v. *Baltimore Ins. Co.* 7 Cranch, 358. *Welch* v. *Hicks,* 6 Cow. 504. *Pitman* v. *Hooper,* 3 Sumner, 66. 3 Kent Com. (6th ed.) 219. Abbott on Shipping, 409, 440. To justify a claim for *pro rata* freight, there must be a voluntary acceptance of the goods at an intermediate port, in such way as to raise a fair inference of a waiver of their further carriage. *Vlierboom* v. *Chapman,* 13 M. & W. 230, and authorities before cited. *Ship Nathaniel Hooper,* 3 Sumner, 542, and cases there cited.

Passage money and freight are governed by the same rules. Indeed freight, in its more extensive sense, is applied to all compensation for the use of ships, including transportation of passengers; and for all purposes, except lien, Lord Ellenborough says, they seem to be the same thing. *Mulloy* v. *Backer,* 5 East, 321. See also *Howland* v. *Brig Lavinia,* 1 Pet. Adm. 123; 3 Kent Com. 219; Abbott on Shipping, (5th Amer. ed.) 405, *note ;* Angell on Carriers, § 391; *Watson* v. *Duykinck,* 3 Johns. 335.

No question is open upon the agreed statement of facts as to the form of action; but if there were, it is a familiar principle of law that when money is paid by one party in contemplation of some act to be done by the other, and the thing stipulated to be done is not done, the money may be recovered back in an action for money had and received.

*Judgment for the plaintiff.*